UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADRIAN RIACH,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>    Defendant. | NO.  1:14-cv-03109-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Motion for Summary Judgment, ECF No. 18. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Daphne Banay.

**I.    Jurisdiction**

On October 5, 2009, Plaintiff filed an application for supplemental security income payments (SSI). Plaintiff alleged she is disabled beginning September 10, 2008, due to a knee replacement and because she can only walk 60 feet maximum with a cane and cannot carry anything.

Her application was denied initially on December 11, 2009, and again denied on reconsideration on February 25, 2010. A request for a hearing was made, but the request was dismissed. The Appeals Counsel vacated the dismissal

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

order and remanded the case for a hearing on the merits.

On September 3, 2010, Plaintiff appeared and testified at a hearing held in Yakima, Washington before Administrative Law Judge (ALJ) Timothy Mangrum. Kimberly Mullinax, vocational expert, also appeared and testified. Plaintiff was represented by attorney Chad Hatfield.

The ALJ issued a decision on October 29, 2013, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on June 11, 2014. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on August 5, 2014. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

At the time of the hearing, Plaintiff was thirty years old. She completed the 11th grade. She lived with her boyfriend and their three children, ages 12, 11, and newborn.

In 2004, Plaintiff was diagnosed with bone cancer in her right knee, which required extensive treatment. The large cell tumors reoccurred three times—once in 2006 and twice in 2008. Ultimately, she required a total knee joint replacement, which took place in September, 2008. Her knee replacement was successful and she was progressing with physical therapy. However, in June, 2009, she developed a chronic infection (osteomyelitis) in the joint, which resulted in a 10-day hospital stay and additional surgery. She now requires ongoing antibiotic therapy. Since that time, she has experienced chronic pain, swelling, and stiffness. If she has to do a lot of walking, she uses a cane or crutches.

Plaintiff has prior work as a cashier, receptionist, and a cook helper. After her knee replacement, she tried to work at Dairy Queen for a few hours a day, but she was not able to keep up with the work and had to miss work due to her knee pain.

## V. The ALJ's findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 14, 2009. (Tr. 18.)

At step two, the ALJ found Plaintiff has the following severe impairments: chronic osteomyelitis, status post total right knee replacement, and obesity (Tr. 18.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 1.02 (Dysfunction of a Joint), or 1.03 (Reconstructive Surgery/Surgical Arthrodesis of a Major Weight-bearing Joint). (Tr. 19.)

The ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. 415.967(b), except, in an 8-hour day,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

she can stand and/or walk for a total of only 2 hours. She can sit 6 hours total. She cannot push or pull with the lower right extremity. She cannot climb ladders, ropes, or scaffolds. She can climb stairs occasionally. She can balance occasionally. She can stoop frequently. She can kneel occasionally. She cannot crouch or crawl. She would need a hand-held assistive device for walking over extended areas and uneven terrain. (Tr. 19.)

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a receptionist. (Tr. 23.)

In the alternative, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 23.) The ALJ relied on the testimony of a vocation expert, and concluded that Plaintiff was capable of performing the requirements of representative occupations such as assembler, telephone information clerk, and document preparer. As such, the ALJ concluded that Plaintiff was not disabled from September 14, 2009, the date the application was filed.

**VI.    Issues for Review**

1. Whether the ALJ properly evaluated the medical opinion evidence?
2. Whether the ALJ properly evaluated Plaintiff's credibility?
3. Whether the ALJ's RFC assessment accurately reflects Plaintiff's functional limitations?

**VII.   Discussion**

**1.    Medical Opinions**

The ALJ gave significant weight to the medical opinion of the state agency consultant Dr. Howard Platter, but gave little weight to the medical opinion of treating provider Dr. Jean Crane. This was in error.

The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Generally speaking, three types of doctors provide medical evidence: treating doctors, examining doctors, and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

reviewing (non-examining) doctors. "By rule the Social Security Administration favors the opinion of a treating physician over non-treating physicians." 20 C.F.R. § 416.927[1]; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* The ALJ is not required, however, to merely accept the opinion of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where contradicted, the ALJ may reject the opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* On the other hand, where the treating doctor's opinion is uncontradicted, the ALJ can only reject it for clear and convincing reasons. *Id.*

       The opinions of examining physicians are afforded more weight than those of non-examining physicians. *Id.* Factors the ALJ should consider in evaluating any medical opinion (not limited to the opinion of the treating physician) include: (1) the amount of relevant evidence that supports the opinion and the quality of the

---

[1] 20 C.F.R. § 416.927(c)(2) states: Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

…

explanation provided; (2) the consistency of the medical opinion with the record as a whole; (3) the specialty of the physician providing the opinion; and (4) other factors, such as the degree of understanding a physician has of the Administration's disability programs and their evidentiary requirements and the degree of his or her familiarity with other information in the case record. *Orn*, 495 F.3d at 631. When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, Dr. Crane's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, with the exception of Dr. Platter's opinion. The ALJ erred by failing to provide specific and legitimate reasons that are supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of a non-examining physician cannot by itself constitute substantial evidence to reject the opinion of a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830-1 (9th 1995).

A longitudinal review of the record demonstrates that after June, 2009, when it was determined that Plaintiff suffered from chronic infection in her knee, her pain and discomfort in the knee increased and became debilitating. The ALJ erroneously concluded that Dr. Crane's opinion is unsupported by her treatment notes. Rather, the records reflect that Plaintiff must consistently take narcotic medications to deal with the pain, which supports Dr. Crane's opinion that Plaintiff suffers from significant chronic pain that precludes her from working. The ALJ's opinion is a classic case of cherry-picking the evidence to support a predetermined decision, while disregarding all other evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). The ALJ relied on the treatment records of Plaintiff's orthopedic and infectious disease specialists to discount Dr.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

Crane's opinion; however, these specialists were not treating Plaintiff's chronic pain. Moreover, the specialist treatment records indicate that Plaintiff continued to suffer from chronic pain in her right knee. Substantial evidence does not support the ALJ's finding that Dr. Crane's opinion is "entirely inconsistent" with specialist treatment records. Dr. Crane's opinion was based on clinical observations, which were made over the course of a long-standing treatment relationship and based upon numerous physical examinations and a thorough understanding of Plaintiff's impairments. Dr. Platter's opinion was based on a review of the record.

In sum, in assessing the medical opinion evidence, the ALJ failed to accord the proper deference to treating source Dr. Crane and discounted Dr. Crane's opinion without providing legally sufficient reasons for doing so. Because Dr. Crane's opinion demonstrates that Plaintiff meets the statutory definition of disability, her opinion must be credited as a matter of law.

### 2. Plaintiff's Credibility

Plaintiff testified that following multiple surgeries for recurrent giant cell tumor in her right leg, including a total knee replacement that became chronically infected with MSSA, she suffers from constant right knee pain, stiffness, swelling, and instability that significantly impacts her physical abilities. She also testified that, because she cannot have her knee bent for long, she can sit for only short periods of time, and she must elevate her leg while sitting. In making his ruling, the ALJ found that Plaintiff's statements concerning her limitations were not credible.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The record simply does not support the ALJ's credibility determination. On the contrary, Dr. Crane's treatment records support Plaintiff's symptom testimony. The ALJ's conclusion that Plaintiff had only made "intermittent complaints of knee pain" is not supported by the record. Ultimately, the ALJ's review of the medical evidence grossly mischaracterizes the record. Moreover, the ALJ's disbelief of the self-sufficiency of Plaintiff's older children is not a specific, clear, and convincing reason to discredit her symptom testimony. Similarly, the ALJ's suggestion that Plaintiff reported inconsistent childcare duties is wholly unsupported by the record. Rather, Plaintiff qualified her statements in her function report by using the terms "in any way I am able to" and participating "as much as physically possible." In discrediting Plaintiff's symptom testimony, the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

ALJ improperly parceled the medical evidence in the record and mischaracterized Plaintiff's testimony regarding her daily activities. Thus, the ALJ's credibility determination is not supported by substantial evidence. As a result, Plaintiff's symptom testimony should be credited as a matter of law.

### 3. The ALJ's RFC Assessment

The ALJ failed to account for the full extent of Plaintiff's functional limitations in his RFC assessment, and therefore, the hypothetical relied upon by the vocational expert was incomplete, and the vocational testimony has no evidentiary value to support the ALJ's disability determination. On the contrary, had the ALJ properly evaluated the medical opinion evidence and Plaintiff's symptom testimony, a finding of disability would be compelled.

## VIII. Conclusion

Here, the ALJ erroneously rejected medical opinion evidence and Plaintiff's symptom testimony; if this evidence had been properly credited, Plaintiff would have been found disabled. Consequently, the proper remedy is to remand for a calculation and award of appropriate benefits. *Garrison v. Colvin*, 759 F.3d 995, 1019-20 (9th Cir. 2014). A review of the record as a whole creates no serious doubt that Plaintiff is disabled within the meaning of the Social Security Act.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

3. The decision of the Commissioner denying benefits is reversed and remanded for an award of benefits.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

///
///
///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

    **IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

    **DATED** this 19th day of January, 2016.



                          Stanley A. Bastian
                    United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12